RECEIVED
IN MONROE, LA
MAY 0 8 2006
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| JEFFERSON WAYNE GILL | CIVIL ACTION NO. 05-2124 |
| VS. | SECTION P |
| SHERIFF SHOEMATE, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## RULING

Pending before the Court is a civil rights complaint filed by Plaintiff Jefferson Wayne Gill. On March 9, 2006, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 5] recommending that his complaint be dismissed.

On March 10, 2006, Plaintiff filed a Motion to Supplement (42 U.S.C. § 1983) and Amend ("Motion to Supplement") [Doc. No. 6]. The Court issued a Minute Entry indicating that it would construe the Motion to Supplement as an objection to the Report and Recommendation. Plaintiff has filed no other objections.

In the first part of Plaintiff's Motion to Supplement, he adds a claim that he was unlawfully forced to take a DNA examination on April 1, 2004. In the latter part of Plaintiff's Motion to Supplement, he appears to add more facts about his examination by Nurse Posey for "back pain" in May 2004.[1]

---

[1] Plaintiff originally indicated that he was examined by Nurse Posey on May 2, 2004, and in the Motion to Supplement, he claims that he was examined on May 6, 2004. It is unclear whether Plaintiff is unsure of the date of the one examination or whether he was examined twice. Regardless, the Court reaches the same conclusion.

Upon review, the Court determines that, for the same reasons stated in the Report and Recommendation of Magistrate Judge Hayes, Plaintiff's additional and amended claims also fail as a matter of law. Magistrate Judge Hayes has already addressed Plaintiff's medical care claim, and the same analysis applies to his amended claim. While the DNA claim is new, the Court finds that, regardless of whether Plaintiff has stated a § 1983 claim, his lawsuit was untimely filed. As noted by Magistrate Judge Hayes, there is a one-year statute of limitations for § 1983 claims. This DNA test allegedly took place on April 1, 2004, and Plaintiff's complaint was not signed until November 18, 2005.

Accordingly, the Court agrees with and ADOPTS the Report and Recommendation of Magistrate Judge Hayes and further finds that Plaintiff has failed to state a claim in his Motion to Supplement.

MONROE, LOUISIANA, on this 8 day of May, 2006.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE